IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PAO HUE YENG XIONG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-285-O |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a "Motion Requesting Equitable and Declaratory Relief" filed by Petitioner, Pao Hue Yeng Xiong, a federal prisoner confined at FCI Yazoo City Medium in Yazoo, Mississippi, against the United States of America, Respondent. The motion is construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. After considering the petition and relief sought by Petitioner, the Court has concluded that the petition should be summarily dismissed for lack of jurisdiction. No service has issued upon Respondent.

**I. BACKGROUND**

On November 7, 2008, in the United States District Court for the Eastern District of Wisconsin, Case No. 1:07-cr-112, a jury found Petitioner guilty on one count of conspiracy to commit a crime against the United States (count one), one count of arson of a building (count two), one count of mail fraud (count three), one count of arson in connection with a federal felony (count four), two counts of knowingly making false and fraudulent statements (counts five and six), and one count of witness tampering (count nine). Verdict, *United States v. Xiong*, Pacer, Criminal Docket for Case #: 1:07-cr-00112-WCG-2, ECF No. 172. He was subsequently sentenced to a total term of 180 months' imprisonment. His current release date is January 1, 2021. By way of this petition he

appears to seek the Court's intervention in his behalf regarding his release and relocation to this district as the district of his supervised release.

## II. DISCUSSION

A federal prisoner may attack the manner in which his sentence is executed in the district court with jurisdiction over his custodian pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Rumsfeld v. Padilla,* 542 U.S. 426, 446-47 (2004). Because Petitioner remains incarcerated at FCI Yazoo City Medium in Yazoo City, Mississippi, the Court lacks jurisdiction over the warden of that facility. Furthermore, documents filed in Petitioner's criminal case reflect that his request for relocation has been submitted by the Bureau of Prisons to the Probation and Pretrial Services for the Northern District of Texas but has not yet been decided. *Id.,* Mot. & Notice, ECF Nos. 217 & 218. Article III of the Constitution confines federal courts to the decision of "cases" and "controversies." A case or controversy must be ripe for decision, meaning that it must not be premature or speculative. Ripeness is a constitutional prerequisite to the exercise of jurisdiction. *Shields v. Norton,* 289 F.3d 832, 834-35 (5th Cir. 2002). Because Petitioner's relocation request has not yet been decided, the petition is not ripe for review. The Court is therefore without jurisdiction to consider the petition.

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction. A certificate of appealability is **DENIED.**

**SO ORDERED** on this 31st day of March, 2020.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE